**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERARDPAUL CRUZ MANGUBAT,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-70982

Agency No. A207-631-531

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2023
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.
Dissent by Judge GRABER.

Petitioner Gerard Paul Cruz Mangubat ("Mangubat"), a citizen of the

Philippines, timely petitions for review of a Board of Immigration Appeals

decision dismissing his appeal of an immigration judge's ("IJ") denial of his

various applications for relief. In his petition, Mangubat argues that the IJ violated

his right to obtain counsel to represent him during his merits hearing. We grant

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Mangubat's petition and remand to the agency to allow Mangubat reasonable time to obtain counsel in accordance with his due process right and our precedent.

1. We review de novo "whether [Mangubat's] right to counsel was violated when the IJ denied his [final] motion" for a continuance. *Usubakunov v. Garland*, 16 F.4th 1299, 1304 (9th Cir. 2021). Though we generally review the denial of a continuance for an abuse of discretion, *see Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1079-80 (9th Cir. 2007), we review de novo the denial of a petitioner's statutory right to obtain counsel, which is "[r]ooted in the Due Process Clause." *See Usubakunov*, 16 F.4th at 1303. We are "guided not by bright-line rules but by a fact-specific inquiry" that focuses on whether Mangubat was provided with a reasonable time to obtain counsel. *Id.* at 1304 (citing *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005)). When a petitioner is wrongly denied the assistance of counsel at his or her merits hearing, he or she does not need to show prejudice to prevail. *Montes–Lopez v. Holder*, 694 F.3d 1085, 1090 (9th Cir. 2012).

2. One of the important considerations we take into account is the realistic time period a petitioner needs to obtain counsel, *see Biwot*, 403 F.3d at 1099, and here, Mangubat faced significant barriers that hindered his ability to find counsel. Mangubat was seeking counsel while in detention during the start of the COVID-19 pandemic. That health crisis limited the operations of legal services providers, and intermittently shut down his detention center, severely restricting the time that

Mangubat was allowed to communicate with potential counsel for a part of the relevant period. Moreover, when the IJ ultimately denied a continuance, Mangubat had indicated to the IJ that he was "supposed to have an attorney, with full representation," and that a legal aid organization already representing him in his bond hearing was arranging for representation in his merits hearing after his previously-expected representation fell through. Because the IJ made no finding that Mangubat was untruthful or otherwise acting in bad faith, we hold that this factor weighs in Mangubat's favor. Though other considerations weigh against Mangubat, such as the number of continuances that the IJ granted, we hold that the IJ abused his discretion by violating Mangubat's right to counsel by not giving him a reasonable time to obtain counsel.

**PETITION GRANTED and REMANDED.**

Mangubat v. Garland, No. 21-70982

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

In my view, Petitioner had a "reasonable time," Biwot v. Gonzales, 403 F.3d 1094, 1098–99 (9th Cir. 2005), to obtain counsel. Even considering the challenges that Petitioner faced, the agency appropriately ruled that a seven-month period, during which ten continuances were granted, sufficed. See, e.g., Arrey v. Barr, 916 F.3d 1149, 1153–54, 1158 (9th Cir. 2019) (holding that no due process violation, statutory violation, or abuse of discretion occurred when the immigration judge denied a fifth continuance to the detained petitioner, who spoke English, because the petitioner had a reasonable time within which to obtain counsel—about four months elapsed between the petitioner's first appearance and the final hearing at which a fifth continuance was denied).

Usubakunov v. Garland, 16 F.4th 1299 (9th Cir. 2021), on which the majority disposition relies, is distinguishable. The petitioner there spoke no English. Id. at 1301. In addition, the petitioner identified a specific lawyer who, he said, likely would represent him but who had learned of his case only one week earlier and had not yet had an opportunity to meet with petitioner with the assistance of an interpreter. Id. at 1301–02. By contrast, here, Petitioner speaks English; he had obtained counsel for his bond proceedings (showing that he had a

realistic opportunity to contact lawyers); and, although he told the immigration judge on September 10, 2020, that he was about to obtain counsel, he still had not done so by October 19, 2020—more than five weeks later—and did not identify a specific lawyer who probably would represent him in this matter.

Although I agree with the majority disposition that Petitioner did not act in bad faith,[1] a petitioner's good faith does not demonstrate that the agency erred. Weighing all the factors, I would deny the petition.

---

[1] I also agree with the majority disposition's implicit rejection of the argument that Petitioner waived the right to counsel.

2